IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARAH FULLER, Individually as the Biological Child of William D. Bedor and as Administrator of the Estate of William D. Bedor,<br><br>      Plaintiff,<br><br>      v.<br><br>ENTERPRISE LEASING COMPANY OF GEORGIA, LLC,<br><br>      Defendant. | CIVIL ACTION FILE<br>NO. 1:21-CV-5013-TWT |

**OPINION AND ORDER**

This is a wrongful death action. It is before the Court on the Defendant's Motion to Dismiss [Doc. 5.] For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 5] is DENIED.

## I.   Background

This case arises from the untimely and tragic death of the Plaintiff Sarah Fuller's father, William Bedor, on January 1, 2020. Mr. Bedor rented a car from the Defendant Enterprise Leasing Company of Georgia, LLC on December 13, 2019, and returned the car three days later at an Enterprise office in Atlanta. (Compl. ¶¶ 8-9.) As part of its rental service, Enterprise provided Mr. Bedor with a ride from the office back to his apartment on Clairmont Road. (*Id.* ¶¶ 10-11.) Upon arrival at Mr. Bedor's address, the unidentified Enterprise employee allegedly stopped in the center turn lane of

Clairmont Road and either "forced or allowed" Mr. Bedor to exit the vehicle there. (*Id.* ¶ 12.) Then, Mr. Bedor attempted to cross the northbound lanes of traffic to reach his apartment, was struck by another driver, and sustained fatal injuries. (*Id.* ¶¶ 13-16.) The Plaintiff filed suit against Enterprise in Georgia state court alleging claims for *respondeat superior* and negligent failure to train. Enterprise removed the case to federal court and now moves to dismiss all claims against it under Federal Rule of Civil Procedure 12(b)(6).

## II.   Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, though, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting the plaintiff "receives the benefit of imagination" at the pleading stage). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753

F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of his claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

### III.   Discussion

To state a cause of action for negligence, a plaintiff must establish (1) a duty of care, (2) a breach of this duty, (3) an injury, and (4) a causal connection between the breach and the injury. *See Martin v. Ledbetter*, 342 Ga. App. 208, 211 (2017). This Order focuses on the duty and causation prongs of the negligence standard. First, Enterprise argues that Georgia law imposed no duty on the company to protect Mr. Bedor from the driver who struck him. And second, Enterprise claims that Mr. Bedor's injuries were proximately caused not by its employee's wrongdoing (if any), but by the subsequent conduct of Mr. Bedor and the other driver. The Court addresses (and rejects) both arguments in turn.

### A. Duty of Care

The threshold question in any cause of action for negligence is "whether, and to what extent, the defendant owes the plaintiff a duty of care." *Id.* (quotation marks omitted). This question is within the court's purview and hinges on whether an applicable duty is expressed in statutes or in common law principles recognized in Georgia case law. *See Rasnick v. Krishna Hosp., Inc.*, 289 Ga. 565, 566-67 (2011). Relevant here, it is clearly established in Georgia that:

> [O]ne who undertakes to do an act or perform a service for another has the duty to exercise [ordinary or reasonable] care, and is liable for injury resulting from his failure to do so, even though his undertaking is purely voluntary or even though it was completely gratuitous, and he was not under any obligation to do such act or perform such service . . . .

*Ellis v. Ingle*, 306 Ga. App. 674, 677 (2010) (quoting *Stelts v. Epperson*, 201 Ga. App. 405, 406 (1991)); *see also Allstate Ins Co. v. Sutton*, 290 Ga. App. 154, 158 (2008) ("Georgia law imposes an obligation upon everyone who attempts to do anything, even gratuitously, for another, to exercise some degree of care and skill in the performance of what he has undertaken." (quotation marks omitted)). This duty, the Court finds, applied to Enterprise when it undertook to drive Mr. Bedor back home from the car rental office.

In response, Enterprise insists that, absent a special relationship, there is no duty under Georgia law to protect another from injuries inflicted by a third party. *See New Star Realty, Inc. v. Jungang PRI USA, LLC*, 346 Ga. App. 548, 560 n.7 (2018) ("[A] person does not have a duty to control the conduct of another person, who is a potential tortfeasor, so as to prevent that person from harming a third person, absent a special relationship." (quotation marks omitted)); *May v. State*, 295 Ga. 388, 398 (2014) ("[A]s a general rule at common law, one owes no duty to protect another from injuries inflicted by a third party."). Because Mr. Bedor was hit by a different driver than the Enterprise employee, Enterprise argues that it cannot be held liable under this general principle. But the Plaintiff does not allege that Enterprise breached an

4

affirmative duty to protect Mr. Bedor from other drivers. Rather, the Plaintiff alleges that Enterprise, through its employee's actions, failed to exercise due care in performing its ride-home service. Thus, in the Court's view, Enterprise's reliance on *New Star Realty*, *May*, and other cases addressing an affirmative duty of protection is misplaced, and dismissal on duty grounds would be premature until the case has undergone more factual development.[1]

### B. Proximate Causation

Even if the Plaintiff could establish a legal duty under Georgia law, Enterprise contends that its alleged conduct still did not proximately cause Mr. Bedor's injuries. Proximate cause is defined as "that which in the natural and continuous sequence, unbroken by other causes, produces an event, and without which the event would not have occurred." *Zwiren v. Thompson*, 276 Ga. 498, 500 (2003) (citation omitted). The causal chain is broken (and a defendant is insulated from liability) if an "intervening and independent wrongful act of a third person" produces the plaintiff's injuries. *Ontario Sewing Mach. Co., Ltd. v. Smith*, 275 Ga. 683, 686 (2002) (quotation marks and brackets omitted). This liability shield is subject to an important caveat:

---

[1] On reply, Enterprise also claims that its employee did not force Mr. Bedor to exit the car in the middle of Clairmont Road, but that Mr. Bedor decided to get out there on his own accord. Although Enterprise may ultimately be proven right on this point, the Court must accept the Plaintiff's contrary allegations as true at the pleading stage of the litigation. (Compl. ¶¶ 12, 19, 25 (alleging Mr. Bedor was forced (or, alternatively, allowed) to exit the Enterprise car in the center turn lane of Clairmont Road).)

5

> If the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that *its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer*, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act.

*Id.* (emphasis added) (quotation marks omitted). Except in plain and undisputed cases, the existence or absence of proximate cause is a question reserved for the jury. *See McAuley v. Wills*, 251 Ga. 3, 6 (1983).

Enterprise argues that at least two intervening acts were the proximate cause of Mr. Bedor's injuries, superseding any wrongdoing by the Enterprise employee. Specifically, according to Enterprise, it could not have reasonably foreseen that (1) Mr. Bedor would attempt to cross multiple lanes of traffic outside a designated crosswalk and (2) another driver would run into and injure Mr. Bedor in the process. The Court disagrees. If, as the Plaintiff alleges, Mr. Bedor was forced to exit the Enterprise car in the middle of Clairmont Road, then he would have no choice but to walk across the active roadway to get home. Under these circumstances, the Court cannot say, as a matter of law, that it was unforeseeable that a passing car would strike Mr. Bedor and cause him fatal injuries. Indeed, logic and common sense counsel that the main danger in crossing any street, especially one as wide and busy as Clairmont Road, is a pedestrian-vehicle collision. *See Zwiren*, 276 Ga. at 500 ("What amounts to proximate cause . . . is always to be determined on the facts of each case upon mixed considerations of logic, common sense, justice, policy, and

precedent." (quotation marks and citation omitted)). Accordingly, the Court declines to dismiss the Plaintiff's negligence claims for lack of proximate cause.

## IV. Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss [Doc. 5] is DENIED.

SO ORDERED, this ___7th___ day of July, 2022.

*[signature]*
THOMAS W. THRASH, JR.
United States District Judge